

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

RICHARD RAY ISENBERG,                )
                                     )
      Plaintiff,                  )
                                     )
v.                                   )     Civil Action No. 3:14CV607–HEH
                                     )
ERIC WILSON, *et al.*,               )
                                     )
      Defendants.                 )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

Richard Ray Isenberg ("Isenberg"), a federal inmate confined in the Federal

Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), filed suit[1] in the

Circuit Court of Prince George County, Virginia against Defendants[2] for breach of

contract. Defendant Wilson[3] removed that case to this Court. This matter is before the

Court on Defendant Wilson's Motion to Dismiss or, in the Alternative, for Summary

Judgment ("Motion to Dismiss," ECF No. 2; "Motion for Summary Judgment," ECF No.

3). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss

for lack of subject matter jurisdiction.

---

[1] "Bill At Law; Breach of Contract Third Party Breach of Contract & Torts." ("Complaint," ECF No. 1–1, at 1.) The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization and spelling in quotations from Isenberg's filings.

[2] Isenberg names as Defendants: "WARDEN ERIC WILSON, CEO," "FEDERAL CORRECTIONAL COMPLEX, LOW," and "PETERSBURG, LOW, INC." (Compl. 1.)

[3] The United States Attorney's Office represents only Defendant Wilson, as it asserts that the other "defendants[,] the 'Federal Correctional Complex, Low' and 'Petersburg, Low, Inc.' . . . are not legal entities that are capable of being sued." (Mem. Supp. Mot. Dismiss at n.1.)

## I. Procedural History

Isenberg, a federal inmate proceeding *pro se*, filed suit against Defendants in the Circuit Court of Prince George County, Virginia. The Complaint alleges that Defendants breached contracts "implied in fact, implied in law, [and] expressed based on the relationship of the parties, in the first instance and as a third party beneficiary of contracts herein."[4] (Compl. 1.)

On August 29, 2014, Defendant Wilson filed a Notice of Removal of State Court Action to United States District Court. ("Notice of Removal," ECF No. 1.) On September 5, 2014, Defendant Wilson filed a Motion to Dismiss and Motion for Summary Judgment.

## II. Summary of Allegations

Isenberg's Complaint alleges that a variety of conditions at FCC Petersburg are unsuitable. These conditions include "violating fire codes" (Compl. 6), "violating plumbing codes" (*id.* at 7), "officers violating their contracts with [Bureau of Prisons ("BOP")] by smoking out of designated areas" (*id.*), and "over capacity of the facilities and buildings"[5] (*id.* at 6). Isenberg alleges that his conditions of confinement constitute a breach of several alleged "contracts." First, Isenberg asserts that 18 U.S.C.

---

[4] The Court has previously dismissed nearly identical claims filed by other inmates at Isenberg's place of incarceration. *Hamm v. Wilson*, No. 3:14CV604–HEH, 2014 WL 7240246, at *3 (E.D. Va. Dec. 19, 2014); *Burks v. Wilson*, No. 3:14CV532–HEH, 2014 WL 7240242, at *3 (E.D. Va. Dec. 19, 2014); *Rouser v. Wilson*, No. 3:14CV605–HEH, 2014 WL 6712894, at *3 (E.D. Va. Nov. 26, 2014).

[5] Isenberg fails to provide any facts to support the conclusion that the population in the prison exceeds its capacity, or that he has suffered harm arising from an overcrowded prison.

§ 4002[6] and § 4042[7] constitute a contract between the BOP and the United States, that he

is a third party beneficiary to these "contracts," and his conditions of confinement

constitute a breach of these contracts. (Compl. 4.)  Second, Isenberg claims that prison

conditions constitute a breach of his plea agreement with the Government. (*Id.* at 5–6.)

Finally, Isenberg alleges that the Defendants breached contracts between "USA and

BOP" (*id.* at 5), contracts "implied between plaintiff and BOP, Low Petersburg" (*id.* at

6), and "contracts between BOP-Low and the State of Virginia, BOP-Low and Prince

George County, BOP-Low and City of Hopewell . . . , contracts between the Plaintiff and

Virginia, the Plaintiff and Hopewell, the contracts between Prince George County,

etc. . . ." (*id.*).  To the extent, however dubious, these alleged contracts actually exist,

---

[6] The statute provides, in pertinent part:

> For the purpose of providing suitable quarters for the safekeeping, care, and
> subsistence of all persons held under authority of any enactment of Congress, the
> Attorney General may *contract*, for a period not exceeding three years, with the
> *proper authorities of any State*, Territory, or political subdivision thereof, for the
> imprisonment, subsistence, care, and proper employment of such persons.

18 U.S.C. § 4002 (emphasis added).  This statute is irrelevant to Isenberg, as he is held in a
federal facility.

[7] The statute provides, in pertinent part:

> (a) **In general.**—The Bureau of Prisons . . . shall—
> > (1) have charge of the management and regulation of all Federal penal and
> > correctional institutions;
> > (2) provide suitable quarters and provide for the safekeeping, care, and
> > subsistence of all persons charged with or convicted of offenses against
> > the United States, or held as witnesses or otherwise . . . .

18 U.S.C. § 4042.

Isenberg nonetheless fails to describe the content of these contracts, include any contractual terms, or describe how Defendants breached them.[8]

Although the vast majority of the Complaint attempts to allege breach of contract claims, Isenberg also attempts to include a Federal Tort Claims Act claim based upon premises liability and a breach of duty of care. (*Id.* at 7, 10.) Specifically, he alleges that he slipped and fell while walking on "unmarked and uneven broken pavement," breaking a bone in his foot. (*Id.* at 7.) He states "[t]hat upon initial examination . . . medical staff failed to properly diagnose the broken bone, thus causing further pain and injury after plaintiff was walking with crutches for two to three days." (*Id.*)

Isenberg seeks *ad damnum* in the form of $1,000,000 in real damages per defendant and $2,000,000 in punitive damages. (*Id.* at 11.)

## III. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63 (4th Cir. 1988) (citation omitted) (internal quotation marks omitted). "[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. . . . Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v.*

---

[8] Isenberg also makes a convoluted, passing reference to 42 U.S.C. §§ 1981 and 1985. (*See* Compl. 8–9.) He, however, fails to state a claim under either statute. "Principles requiring generous construction of *pro se* complaints . . . . do[ ] not require . . . courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Isenberg clearly seeks to raise various breach of contract and tort claims, not claims alleging a violation of his constitutional rights. Accordingly, to the extent that Isenberg intends to assert these claims, they are legally frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and will be dismissed. *See* 28 U.S.C. § 1997e(c)(2).

*Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted).  As explained below, because the Prince George County Circuit Court lacked jurisdiction over Isenberg's claims, so too does this Court.

### A. Sovereign Immunity and Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  Sovereign immunity is jurisdictional in nature.  Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (internal citations and quotation marks omitted) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The statutes Isenberg cites in his Complaint, 18 U.S.C. §§ 4002[9] and 4042,[10] do not create a private right of action against the United States.  *Cf. Touche Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979) (refusing to find a statute created an implied private remedy when it failed to prohibit certain conduct or create federal rights in favor of private parties).  The statute most applicable to Isenberg's contract claims is the "Big Tucker Act," 28 U.S.C. § 1491.  *Smeltzer v. United States*, 131 F.3d 136 (4th Cir. 1997).  This Act grants the Court of Federal Claims exclusive jurisdiction over breach of contract

---

[9] *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (refusing to find an implied private right of action under § 4002 in the absence of an actual contract between federal and state governments).

[10] Some courts have found § 4042 relevant to establishing a duty of care as the basis of a tort claim against the United States under the Federal Tort Claims Act ("FTCA").  *See, e.g., Manning v. U.S. Dep't of Justice*, 104 F. App'x 907, 909 (4th Cir. 2004) (using § 4042 as a standard for the duty of care when evaluating a claim brought pursuant to the FTCA).  Nevertheless, as discussed *infra*, the provision is irrelevant here because the Court lacks jurisdiction to hear Isenberg's FTCA claim.

claims against the United States where the amount in controversy exceeds $10,000. *Id.* The Big Tucker Act does not, however, grant state courts jurisdiction over these claims.[11] *See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (explaining that in suits against the United States, state courts lack subject matter jurisdiction unless the waiver of sovereign immunity expressly grants jurisdiction to state courts).

Isenberg may only bring his tort claims against the United States pursuant to the Federal Tort Claims Act ("FTCA").[12] The FTCA vests exclusive jurisdiction for tort claims brought against the United States in the federal district courts. 28 U.S.C. § 1346(b)(1). This exclusive grant, therefore, precludes state courts from exercising jurisdiction over these claims. *See Bullock*, 666 F.3d at 285.

---

[11] The "Little Tucker Act," 28 U.S.C. § 1346, grants Federal District Courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States not exceeding $10,000. *Randall v. United States*, 95 F.3d 339, 346–47 (4th Cir. 1996). Like the Big Tucker Act, the Little Tucker Act also fails to grant state courts jurisdiction. *See Bullock*, 666 F.3d at 285.

[12] That statute provides, in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

## B. Derivative Jurisdiction

Defendant Wilson removed this action from state court under 28 U.S.C.

§ 1442(a)(1),[13] which permits the Government to remove a civil case filed against

officers or agencies of the United States in state court.  28 U.S.C. § 1442(a)(1).  The

doctrine of derivative jurisdiction applies when the Government removes a case under

§ 1442.  *Palmer v. City Nat. Bank, of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007).  When

derivative jurisdiction applies, the federal court only acquires the jurisdiction possessed

by the state court prior to removal.  *See id.* at 244, 246.  Where, as here, the state court

lacks subject matter jurisdiction, the federal court does not acquire jurisdiction upon

removal, "even though in a like suit originally brought in federal court, the court would

have had jurisdiction."  *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron

Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998)).[14]

---

[13] That statute provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and
> that is against or directed to any of the following may be removed by them to the
> district court of the United States for the district and division embracing the place
> wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any
> > person acting under that officer) of the United States or of any
> > agency thereof, in an official or individual capacity, for or relating
> > to any act under color of such office or on account of any right,
> > title or authority claimed under any Act of Congress for the
> > apprehension or punishment of criminals or the collection of the
> > revenue.

28 U.S.C. § 1442(a)(1).

[14] Notably, had Isenberg filed this action in this Court, it would still not possess jurisdiction, as
his breach of contract action demands over $10,000, and thus falls within the exclusive
jurisdiction of the Court of Federal Claims.

## C. Analysis

Isenberg may only bring his breach of contract claims against the United States pursuant to the "Big Tucker Act." 28 U.S.C. § 1491. A state court lacks subject matter jurisdiction over claims brought pursuant to that Act. *Bullock*, 666 F.3d at 285 (observing that "state courts do not have presumptive jurisdiction to decide suits against the United States"). Pursuant to the doctrine of derivative jurisdiction, this Court's jurisdiction over a removed case is the same as that of the state court from which the case originated. *Palmer*, 498 F.3d at 244.[15] Because the Prince George County Circuit Court lacked jurisdiction over Isenberg's case, this Court accordingly lacks subject matter jurisdiction. *See, e.g., Patton v. F.B.I.*, No. 2:14–13347, 2014 WL 3496112, at *3 (S.D. W. Va. July 11, 2014).

Similarly, the FTCA vests exclusive jurisdiction for tort claims brought against the United States in the federal district courts. 28 U.S.C. § 1346. Therefore, Virginia state courts lack jurisdiction over tort claims against the United States. To the extent that Isenberg intends to allege an FTCA claim, the Court again lacks jurisdiction pursuant to the doctrine of derivative jurisdiction.[16] *Palmer*, 498 F.3d at 246–47; *see, e.g., Lopez v.*

---

[15] In *Palmer*, a third-party plaintiff brought, *inter alia*, breach of contract claims against third-party defendants who were federal agencies. 498 F.3d at 239. The third-party defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a). *Id.* The court dismissed the action pursuant to the doctrine of derivative jurisdiction, noting that the third-party plaintiff "remains free to bring a separate action against the federal defendants in an appropriate forum, *i.e.*, the Court of Federal Claims, for its contract action, in accordance with the [Big] Tucker Act." *Id.* at 247.

[16] If Isenberg wishes, he "remains free to bring a separate action against the federal defendants in . . . a district court, for [his tort] claims, in accordance with the FTCA." *Palmer*, 498 F.3d at 247. Dismissal of an FTCA claim does not infringe on "any fundamental right of judicial

*Sentrillon Corp.*, 749 F.3d 347, 350–51 (5th Cir. 2014) (holding that derivative

jurisdiction applies to FTCA claims removed pursuant to 28 U.S.C. § 1442); *Najee v.*

*Fed. Bureau of Prisons*, No. 2:11cv46, 2012 WL 510308, at *4 (N.D. W. Va. Jan. 18,

2012), *report and recommendation adopted*, No. 2:11CV46, 2012 WL 510245, at *1

(N.D.W. Va. Feb. 15, 2012) (holding that federal district court lacked jurisdiction over

FTCA claim removed from state court). Accordingly, because this Court lacks

jurisdiction over Isenberg's claims, the Court must dismiss the case.

## IV. Outstanding Motions

Defendant Wilson failed to raise the issue of derivative jurisdiction in his Motion

to Dismiss. Instead, Defendant argues that Isenberg's breach of contract claims fall

under the exclusive jurisdiction of the Court of Federal Claims, as he demanded

$2,000,000 in damages from the United States for breach of contract. (Mem. Supp. Mot.

Dismiss 3.) Accordingly, Defendant's removal of the case to this Court was improper.

As for Isenberg's tort claims, Defendant Wilson argued that the Court lacks subject

matter jurisdiction because Isenberg failed to exhaust his administrative remedies. (*Id.* at

5–6.) The Court need not address these arguments because the Court lacks subject matter

jurisdiction pursuant to the doctrine of derivative jurisdiction.[17] Accordingly, because

---

access . . . [because Isenberg] has not yet availed [him]self of the appropriate federal forum for
resolving its claims against the federal defendants." *Id.* (citations omitted).

[17] The fact that Defendant Wilson failed to raise the same legal basis for dismissal is immaterial.
"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and
may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc.
v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area
Sch. Dist.*, 475 U.S. 534, 541 (1986)).

this Court lacks subject matter jurisdiction, Defendant's Motion to Dismiss (ECF No. 2) will be granted. Consequently, Defendant's Motion for Summary Judgment (ECF No. 3) will be denied as moot.

## V. Conclusion

For the reasons set forth herein, Defendant Wilson's Motion to Dismiss (ECF No. 2) will be granted. Defendant Wilson's Motion for Summary Judgment (ECF No. 3) will be denied as moot. The action will be dismissed for lack of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: April 2, 2015
Richmond, Virginia